1    Eric H. Gibbs (State Bar No. 178658)
2    ehg@girardgibbs.com
      **GIRARD GIBBS LLP**
3    601 California Street, Suite 1400
      San Francisco, California 94108
4    Telephone: (415) 981-4800
      Facsimile: (415) 981-4846
5

6    Laurence D. King (State Bar No. 206423)
      lking@kaplanfox.com
7    **KAPLAN FOX & KILSHEIMER LLP**
      350 Sansome Street, Suite 400
8    San Francisco, CA 94104
9    Telephone: (415) 772-4700
      Facsimile: (415) 772-4707
10

11    Justin B. Farar (State Bar No. 211556)
      **KAPLAN FOX & KILSHEIMER LLP**
12    1801 Century Park East, Suite 1095
      Los Angeles, CA 90067
13    Telephone: (310) 785-0800
14    Facsimile: (310) 785-0897

15    *Attorneys for Plaintiff Henry Diaz*

16    [Additional counsel on signature pages]

17

18           **UNITED STATES DISTRICT COURT**
           **CENTRAL DISTRICT OF CALIFORNIA**
19

20    Henry Diaz, on behalf of himself and all     Case No. SACV11-00205 JST (MLGx)
21    others similarly situated,

22           Plaintiff,             **CLASS ACTION COMPLAINT**

23    v.                     DEMAND FOR JURY TRIAL
24

25    Power Balance, LLC,

26           Defendant.

27

28

---

                     CLASS ACTION COMPLAINT

Plaintiff Henry Diaz, on behalf of himself and all others similarly situated, alleges as follows:

## SUMMARY OF THE CASE

1.      Power Balance sells wristbands and pendants that are embedded with holographs.  It markets these products as providing athletic benefits, such as improved balance, strength, and flexibility, and has sold millions of its wristbands and pendants on the strength of this marketing.

2.      After the Australian government raised concerns that Power Balance's claims were likely to mislead consumers, however, Power Balance admitted that it lacks credible scientific evidence to back up its advertising claims and that its conduct has been misleading.  Power Balance nonetheless continues to market its products in the United States as helping athletes perform better.

3.      Plaintiff Henry Diaz brings this lawsuit on behalf of himself and all others in the United States who purchased Power Balance wristbands or pendants, alleging that Power Balance has violated California's Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750, *et. seq.*, Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*, and False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*  Plaintiff seeks a judgment requiring Power Balance to, among other things, cease its deceptive and misleading marketing practices and make appropriate restitution to class members.

## PARTIES

4.      Plaintiff Henry Diaz is a citizen and resident of San Diego County, California.

5.      Defendant Power Balance, LLC ("Power Balance") is a limited liability company organized under the laws of the State of Delaware, with its headquarters and principal place of business located in Laguna Niguel in Orange County, California.

## JURISDICTION AND VENUE

6.      This Court has personal jurisdiction over Power Balance because the

1

CLASS ACTION COMPLAINT

1    company is headquartered and will be served in this state, and has subject matter

2    jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the

3    proposed class—more than two-thirds of which lives outside this state—consists of more

4    than 100 class members with aggregated claims exceeding $5,000,000, exclusive of

5    interests and costs.

6        7.    Venue is proper in this District under 28 U.S.C. § 1391 because Power

7    Balance resides in this District.

8                         **FACTUAL ALLEGATIONS**

9                 Power Balance LLC and Power Balance Products

10       8.    Power Balance was formed in January 2007 and is headquartered in Orange

11   County, California.

12       9.    Power Balance manufactures, markets, and sells rubber silicone and

13   neoprene wristbands as well as silicone, zinc alloy, and sterling pendants.  The products

14   are embedded with holograms that Power Balance claims are "treated with energy

15   waves."  Power Balance also markets and sells the hologram stickers separately.

16       10.   Power Balance charges between $29.95 and $99.99 for its wristbands,

17   pendants, and hologram stickers.  Since 2007, Power Balance has made over 2.5 million

18   sales worldwide.  In 2010, Power Balance's revenues approximated $35 million.

19                         Power Balance Marketing

20       11.   Power Balance sells its wristbands, pendants, and hologram stickers on its

21   website, at health clubs, fairs, and sporting events, and through retailers.

22       12.   Power Balance markets its products as providing athletic benefits to those

23   who wear them.  In particular, Power Balance says its products improve strength,

24   balance, and flexibility.

25       13.   Power Balance markets the athletic benefits to consumers by touting the

26   technology at work in its holograms.  Power Balance's website, for example, explains:

27   "The hologram in Power Balance is designed to respond to the natural energy field of the

28   body.  The Mylar material at the core of Power Balance has been treated with energy

---

2

CLASS ACTION COMPLAINT

waves at specific frequencies."   The Power Balance website also states the products increase "the efficiency of the body's electronic, chemical, and organic systems," and in Frequently Answered Questions, that the holograms are "designed to respond" to the human body's energy field and are believed to "resonate and work with your body's natural energy flow to help enable you to perform at the best of your ability."

14.    The Power Balance website has displayed similar iterations of these claims in the past, claiming, for example, that "These wrist bands produce amazing results!!" and the products "work almost instantly, restoring optimal electro-magnetic balance and promoting free flowing energy pathways."  The website has represented the "clear" benefits of wearing the Power Balance products include "faster synaptic response (brain function), enhanced muscle response (in both fast and slow twitch tissues), increased stamina (better oxygen uptake and recovery), more flexibility (faster recovery) and vastly improved gravitational balance.  Expressly suggesting that these claims are backed by scientific and medical studies, the Power Balance website has stated "Now You Can Restore Balance & Harmonic Equilibrium … With New 'Switch' Power Balance ®, *after years of research and development, has produced system* [sic] *to safely restore and optimize the electro-magnetic balance within the human body … IMMEDIATELY.*" (emphasis supplied).

15.    The Power Balance marketing strategy is also apparent in the products' packaging and on the products themselves.  Many Power Balance products have the words "performance technology" on them and are packaged in containers with prominent labels including "BALANCE * STRENGTH * FLEXIBILITY," "**IMPROVED** BALANCE **GREATER** FLEXIBILITY **INCREASED CORE** STRENGTH," and "POWER BALANCE™ IS PERFORMANCE TECHNOLOGY."

16.    Power Balance's brochures , commonly available with the sale of Power Balance products, similarly claim that Power Balance's "performance technology" is "[d]esigned to work with your body's natural energy field."  Likewise representing the products provide athletic benefits, Power Balance brochures state the products' "benefits

3

CLASS ACTION COMPLAINT

1   have been documented by people of all walks of life.  No matter whether you're looking
2   for better balance and flexibility or need renewed strength and stamina, Power Balance
3   can help."

4        17.    Power Balance also pays popular athletes to endorse the athletic benefits
5   provided by Power Balance products.  Paid endorsers such as NBA star Shaquille O'Neal
6   are featured on the Power Balance website—O'Neal is quoted as saying about the Power
7   Balance product, "this really works!"

8                            Lack of Substantiation

9        18.    In December 2010, the Australian government's Competition and Consumer
10  Commission (the "ACCC") raised concerns with (a) the claims that Power Balance
11  wristbands improve balance, strength, and flexibility, (b) the claims that Power Balance
12  wristbands work positively with the body's natural energy field, and (c) Power Balance's
13  use of the marketing slogan "Performance Technology" for its products.

14       19.    As a result, Power Balance in Australia issued corrective advertisements,
15  admitting "that there is no credible scientific evidence that supports our claims and
16  therefore we engaged in misleading conduct."  This admission came several weeks after
17  Josh Rodarmel, co-founder of Power Balance, confirmed in a Bloomberg news article
18  that Power Balance has commissioned *no* studies on its holograms.  ACCC chairman
19  Graeme Samuel said, "Suppliers of these types of products must ensure that they are not
20  claiming supposed benefits when there is no supportive scientific evidence … Consumers
21  should be wary of other similar products on the market that make unsubstantiated claims,
22  when they may be no more beneficial than a rubber band."

23       20.    To address the ACCC's concerns, Power Balance also agreed to several
24  other measures, agreeing to stop making claims about its products unless they are
25  supported by a written report from an independent testing body meeting certain
26  standards, and to remove "performance technology" from the Power Balance wristbands.

27       21.    The Spanish and Italian governments have also fined Power Balance for
28  deceptive marketing in light of the lack of scientific proof behind the company's

CLASS ACTION COMPLAINT

1    marketing claims.

2        22.    In the United States, however, Power Balance continues to market its

3    products as helping athletes perform better.  For example, the Power Balance website still

4    represents that the Power Balance holograms are "designed to react with the body's

5    natural energy flow" and are "believed . . . to help enable you to perform at the best of

6    your ability."  To counteract any negative publicity stemming from its admissions in

7    Australia, Power Balance states, "Contrary to recent assertions in the Australian press,

8    Power Balance has made no claims that our product does not perform. This is simply

9    untrue."  Elsewhere, Power Balance has stated, "Power Balance products work.  The

10   existing reports out there are fundamentally incorrect.  Power Balance did not make any

11   claims that our product does not perform."

12                        Consumers' and Plaintiff's Experiences

13       23.    Reasonable consumers expect that when a company advertises its products

14   as providing athletic or health benefits, the company has some credible scientific or

15   medical basis for making those claims.  Power Balance's claims as to the athletic or

16   health benefits of its products have the capacity to deceive, and do deceive, reasonable

17   consumers, who would not otherwise purchase Power Balance's wristbands, pendants,

18   and hologram stickers if they knew that Power Balance lacked a credible basis for saying

19   that the products provide athletic or health benefits.

20       24.    Power Balance products are "credence goods," meaning they are known to

21   consumers only by the representations disseminated by Power Balance.  In other words,

22   consumers would not know what the Power Balance products do, much less desire to

23   purchase them for $29.95-$99.99, unless they were first exposed to Power Balance's

24   marketing campaign about the products' athletic benefits.  There is no separate market for

25   rubber wristbands with hologram stickers that are *not* purported to deliver athletic

26   benefits, and certainly not at the prices charged by Power Balance.

27       25.    Plaintiff Henry Diaz purchased a Power Balance wristband at a kiosk at the

28   Fashion Valley mall in San Diego, California, for $29.95.  Mr. Diaz plays basketball and

CLASS ACTION COMPLAINT

1  became interested in purchasing a Power Balance product because he'd heard the claims

2  that they could help his athletic performance.  The Power Balance salesperson at the

3  Fashion Valley mall repeated the claims to Mr. Diaz, including that wearing a wristband

4  could help his balance, and performed a demonstration purporting to show the benefits.

5  Mr. Diaz was shown the Power Balance wristband and packaging—and saw the

6  representations of athletics benefits on both—before making his purchase.  Had Plaintiff

7  known that Power Balance had no credible scientific basis for marketing the Power

8  Balance products as bestowing athletic benefits, Plaintiff would not have purchased his

9  Power Balance wristband.

10                          **CLASS ACTION ALLEGATIONS**

11        26.    Plaintiff brings this action on behalf of himself and a class of persons

12  initially defined as follows:

13                  All persons who purchased a Power Balance hologram or hologram
                    embedded product in the United States.
14

15        27.    Excluded from the class are Power Balance; any affiliate, parent or

16  subsidiary of Power Balance; any entity in which Power Balance has a controlling

17  interest; any officer, director or employee of Power Balance; any successor or assign of

18  Power Balance; anyone employed by counsel for Plaintiff in this action; any Judge to

19  whom this case is assigned as well as his or her immediate family and staff; and anyone

20  who purchased Power Balance products for the purpose of resale.

21        28.    This action has been brought and may properly be maintained on behalf of

22  the class proposed above under the criteria of Rule 23 of the Federal Rules of Civil

23  Procedure.

24        29.    <u>Numerosity</u>.  Members of the class are so numerous that their individual

25  joinder herein is impracticable.  Power Balance has sold about 2.5 million Power Balance

26  products during the class period, many of which were sold in the United States.

27        30.    <u>Existence and predominance of common questions</u>.  Common questions of

28  law and fact exist as to all members of the class and predominate over questions affecting

---

6

CLASS ACTION COMPLAINT

only individual class members.  These common questions include the following:

     a.    Whether Power Balance implemented a marketing scheme to lead consumers to believe its products provide athletic or health benefits;

     b.    Whether Power Balance had any credible scientific basis for representing that its products bestow athletic or health benefits;

     c.    Whether Power Balance's marketing of its products is reasonably likely to mislead or deceive a reasonable consumer;

     d.    Whether Power Balance's conduct violates California's Consumers Legal Remedies Act (CLRA), California Civil Code §1750, *et seq.*;

     e.    Whether Power Balance's marketing of its products constitutes false advertising in violation of the California Business and Professions Code § 17500, *et seq.*; and

     f.    Whether Power Balance's conduct is unlawful, unfair, or fraudulent and therefore violative of California's Unfair Competition Law (UCL), California Business and Professions Code § 17200, *et seq.*

31.   Typicality.  Plaintiff's claims are typical of the claims of the class, because, among other things, Plaintiff purchased a Power Balance wristband.

32.   Adequacy.  Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent.  Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously.  The interests of members of the class will be fairly and adequately protected by Plaintiff and his counsel.

33.   Superiority.  The class action is superior to other available means for the fair and efficient adjudication of this dispute.  The injury suffered by each class member is not of such magnitude as to make the prosecution of individual actions against Power Balance economically feasible.  Even if class members themselves could afford such individualized litigation, the court system could not.  In addition to the burden and expense of managing myriad actions arising from the alleged misrepresentations,

CLASS ACTION COMPLAINT

1  individualized litigation presents a potential for inconsistent or contradictory judgments.

2  Individualized litigation increases the delay and expense to all parties and the court

3  system presented by the legal and factual issues of the case.  By contrast, the class action

4  device presents far fewer management difficulties and provides the benefits of single

5  adjudication, economy of scale, and comprehensive supervision by a single court.

6       34.    In the alternative, the class may be certified because:

7            a.    Power Balance has acted on grounds generally applicable to the class,

8                 thereby making appropriate injunctive relief with respect to the

9                 members of the class as a whole;

10           b.    The prosecution of separate actions by the individual members of the

11                class would create a risk of inconsistent or varying adjudications with

12                respect to individual class members which would establish

13                incompatible standards of conduct for Power Balance; and

14           c.    The prosecution of separate actions by individual class members

15                would create a risk of adjudications with respect to them which

16                would, as a practical matter, be dispositive of the interests of other

17                class members not parties to the adjudications, or substantially impair

18                or impede their ability to protect their interests.

19         **FIRST CAUSE OF ACTION**

20   **(Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et. seq.*)**

21      35.    Plaintiff, on behalf of himself and all others similarly situated, realleges as if

22 fully set forth, each and every allegation set forth herein.

23      36.    Power Balance is a "person" within the meaning of Civil Code § 1761(c)

24 and 1770, and provided "goods" within the meaning of California Civil Code § 1761(b)

25 and 1770.

26      37.    Plaintiff and Class Members are "consumers" within the meaning of Civil

27 Code § 1761(d) and 1770 and have engaged in "transactions" within the meaning of Civil

28 Code § 1761(e) and 1770.

CLASS ACTION COMPLAINT

38.     As set forth herein, Power Balance's acts and practices, undertaken in transactions intended to result and which did result in the sale or lease of Power Balance wristbands, pendants, and hologram stickers, violate section 1770 of the Consumers Legal Remedies Act in that:  (a) Power Balance represents that its wristbands, pendants, and hologram stickers have sponsorship, approval, characteristics, uses, or benefits which they do not have; (b) Power Balance represents its products as being of a particular standard, quality, or grade, or that its products are of a particular style or model, when they are of another; (c) Power Balance advertises its wristbands, pendants, and hologram stickers with intent not to sell them as advertised; and (d) Power Balance represents that its wristbands, pendants, and hologram stickers have been supplied in accordance with previous representations when they have not.

39.     The acts and practices engaged in by Power Balance that violate the Consumers Legal Remedies Act include marketing its products as bestowing athletic and health benefits despite lacking any credible scientific support.

40.     Pursuant to the provisions of California Civil Code § 1780, Plaintiff seeks an order enjoining Power Balance from the unlawful practices described herein, a declaration that Power Balance's conduct violates the Consumers Legal Remedies Act, and attorneys' fees and costs of litigation.

## SECOND CAUSE OF ACTION

**(For false advertising under Business and Professions Code § 17500, *et seq.*)**

41.     Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

42.     Power Balance's acts, conduct and practices, as alleged herein, constitute false advertising in violation of Business and Professions Code § 17500, *et seq.*

43.     Power Balance has, with intent to sell its products, made or disseminated or caused to be made or disseminated before the public in California and elsewhere, untrue and misleading statements concerning its wristbands, pendants, and hologram stickers. Power Balance's false and misleading advertising claims include claims purporting to be

CLASS ACTION COMPLAINT

1    based on factual, objective, or clinical evidence, and purporting to be based on certain

2    facts.  Power Balance knew the statements made were untrue and misleading, or should

3    have known by the exercise of reasonable care, and made the statements as part of a plan

4    not to sell the products as advertised.

5       44.    As a direct and proximate result of Power Balance's false and misleading

6    advertising, Plaintiff has suffered injury in fact and lost money or property in that he

7    purchased a Power Balance product which he would otherwise not have purchased.

8       45.    Pursuant to the provisions of California Business and Professions Code §

9    17535, Plaintiff seeks equitable relief; restitutionary disgorgement of all monies accruing

10    to Power Balance through its false and misleading advertising; declaratory relief; and a

11    permanent injunction enjoining Power Balance  from continuing to engage in its

12    wrongful conduct.

### THIRD CAUSE OF ACTION
**(For unlawful, unfair, and fraudulent business practices under**
**Business and Professions Code § 17200, *et seq.*)**

15       46.    Plaintiff, on behalf of himself and all others similarly situated, realleges as if

16    fully set forth, each and every allegation set forth herein.

17       47.    Power Balance's acts and practices, as alleged in this complaint, constitute

18    unlawful, unfair, and fraudulent business practices, in violation of the Unfair Competition

19    Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

20       48.    The business practices engaged in by Power Balance that violate the Unfair

21    Competition Law include misrepresenting that its products bestow athletic and health

22    benefits despite lacking any credible scientific support.

23       49.    Power Balance engaged in unlawful business practices by violating the

24    Consumers Legal Remedies Act, Civil Code § 1750, *et seq.*, and by engaging in false

25    advertising in violation of the Business and Professions Code § 17500.

26       50.    Power Balance engaged in unfair business practices by, among other things:

27           a.    Engaging in conduct that is immoral, unethical, oppressive,

28              unscrupulous, or substantially injurious to Plaintiff and class

CLASS ACTION COMPLAINT

members;

    b.    Engaging in conduct where the utility of that conduct is outweighed by the gravity of the consequences to Plaintiff and class members; and

    c.    Engaging in conduct that undermines or violates the stated policies underlying the CLRA, which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

51.    Power Balance engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive reasonable consumers.

52.    As a direct and proximate result of Power Balance's unlawful, unfair, and fraudulent business practices as alleged herein, Plaintiff has suffered injury in fact and lost money or property, in that he purchased a Power Balance product that he would not otherwise have purchased.

53.    Plaintiff and Class Members are entitled to equitable relief; restitutionary disgorgement of all monies accruing to Power Balance because of its unlawful, unfair, fraudulent, and deceptive practices; declaratory relief; and a permanent injunction enjoining Power Balance from its unlawful, unfair, fraudulent, and deceitful activity.

## **PRAYER**

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the class, prays for judgment as follows:

    a.    For an order certifying the class and appointing Plaintiff and his counsel to represent the class;

    b.    For an order requiring Power Balance to make appropriate restitution to class members;

    c.    For an order enjoining Power Balance from continuing to engage in the unlawful, unfair, and fraudulent business practices alleged herein;

    d.    For an order awarding Plaintiff and class members pre-judgment and post-judgment interest;

CLASS ACTION COMPLAINT

1    e.    For an order awarding Plaintiff and class members reasonable attorneys'
2          fees and costs of suit, including expert witness fees; and
3    f.    For an order awarding such other and further relief as this Court may deem
4          just and proper.

5                              **DEMAND FOR JURY TRIAL**

6    Plaintiff demands a trial by jury on all issues so triable as a matter of right.

7

8    DATED:  February 4, 2011              Respectfully submitted,

9

10

11                                        By: _____
12                                             Dylan Hughes (State Bar No. 209113)

13                                        Eric H. Gibbs
                                          David Stein (State Bar No. 257465)
14                                        Amy M. Zeman (State Bar No. 273100)
15                                        **GIRARD GIBBS LLP**
                                          601 California Street, Suite 1400
16                                        San Francisco, California 94104
                                          Telephone:  (415) 981-4800
17                                        Facsimile:  (415) 981-4846

18

19                                        Laurence D. King
                                          Linda M. Fong (State Bar No. 124232)
20                                        **KAPLAN FOX & KILSHEIMER LLP**
                                          350 Sansome Street, Suite 400
21                                        San Francisco, CA  94104
                                          Telephone:  (415) 772-4700
22                                        Facsimile:  (415) 772-4707

23

24                                        Justin B. Farar
                                          **KAPLAN FOX & KILSHEIMER LLP**
25                                        1801 Century Park East, Suite 1095
                                          Los Angeles, CA 90067
26                                        Telephone:   (310) 785-0800
                                          Facsimile:   (310) 785-0897

27

28

                                        12
                            CLASS ACTION COMPLAINT

Thomas D. Mauriello (State Bar No. 144811)
**MAURIELLO LAW FIRM, APC**
1181 Puerta del Sol, Suite 120
San Clemente, CA  92673
Telephone:  (949) 542-3555
Facsimile:  (949) 606-9690

*Attorneys for Plaintiff Henry Diaz*

13

CLASS ACTION COMPLAINT

Eric H. Gibbs (State Bar No. 178658)
Dylan Hughes (State Bar No. 209113)
David Stein (State Bar No. 257465)
Amy M. Zeman (State Bar No. 273100)
GIRARD GIBBS LLP - 601 California St., 14th Flr.
San Francisco, California 94104

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Henry Diaz, on behalf of himself and all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>Power Balance, LLC,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV11-00205** JST(MLGx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): Power Balance, LLC, _____

_____

    A lawsuit has been filed against you.

    Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Girard Gibbs LLP_____, whose address is _601 California Street, 14th Floor, San Francisco, California 94108_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

FEB - 4 2011

Clerk, U.S. District Court

Dated: _____

**JULIE PRADO**  *SEAL*

By: _____
          Deputy Clerk

        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Henry Diaz, on behalf of himself and all others similarly situated

**DEFENDANTS**
Power Balance, LLC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Eric H. Gibbs, Dylan Hughes, David Stein, Amy M. Zeman - Girard Gibbs LLP
601 California Street, 14th Floor, San Francisco, California 94108
Telephone: (415) 981-4800

Attorneys (If Known)
N/A

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No        ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332(d), violation of state consumer protection statutes

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

SACV11-00205

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): CV 11-018-CJC-MLG; CV 11-025-CJC-MLG; CV 11-049-CJC-MLG; CV 11-075-CJC-MLG; CV 11-0670-AG-RNB;
CV 11-0145-CJC-MLG; CV 11-0151-CJC-MLG; CV 11-0191-AG-RNB

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☑ A. Arise from the same or closely related transactions, happenings, or events; or
  ☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego County, California |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date February 4, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |